IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **OURONG WANG,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil No. 1:24-00910-CDA** |
| **ZIYU ZHENG, *et al.*,** | * | |
| **Defendants.** | * | |
| | * * * | |

**MEMORANDUM OPINION**

BEFORE THE COURT are three motions: (1) Plaintiff Ourang Wang's Motion for Leave to File Amended Complaint, ECF 44; (2) Defendants Ziyu Zheng's and Xiao Ling Wei's Motion to Strike Untimely Discovery, ECF 33; and (3) Defendants' Motion for Summary Judgment, ECF 37. Plaintiff failed to oppose the Motion for Summary Judgment, despite filing both her Motion for Leave to File Amended Complaint, ECF 44, and an opposition to the Motion to Strike, ECF 43, after Defendants moved for summary judgment. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, the Court **DENIES** the Motion for Leave to File Amended Complaint, **GRANTS** the Motion for Summary Judgment, and **DENIES** the Motion to Strike as moot.

## I.      PLAINTIFF'S ALLEGATIONS

This case concerns an alleged living arrangement and property transaction involving Plaintiff Ourong Wang and Defendants Ziyu Zheng and Xiao Ling Wei.  *See* Complaint, ECF 1 ("Compl.").  Wang is Defendants' sister-in-law and claims to have worked as Defendants' employee from 2017 to 2023.  *Id.*, at ¶ 10.  Plaintiff alleges that in July 2017, "the parties orally agreed that Defendants would purchase a property at 8776 Lincoln St., Savage[,] MD, and would hold it in their names for Plaintiff."  *Id.*, at ¶¶ 9-10. Wang contends that Defendants offered to "act as intermediary, and purchase [the property] on her behalf" because at the time of the agreement, Wang "had insufficient access to credit to qualify for a mortgage in her own name."  *Id.*, at ¶ 10.  Wang attaches to the complaint a deed, dated July 31, 2017, that she views as reflecting this transaction. *Id.*, at ¶ 10; *see* ECF 1-1.  The deed lists a purchase price of $377,500 but does not mention Wang.  Compl., at ¶ 10; *see* ECF 1-1.  Even so, Wang contends that she moved into the property and made it her home.  Compl., at ¶ 2.  Wang says that she provided—and Defendants accepted—a $100,000 down payment and made regular mortgage payments. *Id.*, at ¶¶ 11, 26.  Defendants did not live in the home.  *Id.*, at ¶ 2.

Wang alleges that Defendants have since repudiated this agreement and now deny her interest in the property.  *Id.*, at ¶¶ 11-12.  Wang believes that Defendants "never intended for [her] to acquire any interest in the property" and made "false representations with the intent that [] Plaintiff would rely on them . . . to her own detriment, including paying the down payment and mortgage."  *Id.*, at ¶¶ 13, 21.  Wang further alleges that in March 2024, Defendants "removed her furniture and clothing from the property and refused her reentry."  *Id.*, at ¶ 16.  Wang claims that as of 2024, she paid Defendants approximately $200,000 toward the property.  *Id.*, at ¶ 15.

2

## II.   PROCEDURAL HISTORY

On March 28, 2024, Wang filed this action, asserting Maryland common law claims of fraudulent misrepresentation, unjust enrichment, and promissory estoppel, as well as wrongful eviction pursuant to Maryland Code, Real Property § 7-113.  Compl., at ¶¶ 17-46.  Wang seeks $200,800 in compensatory damages; $602,400 in exemplary damages; additional compensatory damages for relocation expenses and emotional distress; punitive damages; attorneys' fees; court costs; and pre- and post-judgment interest.  *Id.*, at 6-7.

On December 19, 2024, the Court entered an amended scheduling order ("Scheduling Order").  ECF 29.  The Scheduling Order set a February 25, 2025 deadline for requests for admission.  *Id.*, at 2.  On February 26, 2025, Plaintiff's counsel emailed eleven (11) requests for admission ("RFAs") to defense counsel.  Defendants' Motion to Strike, ECF 33-1, at 1 ("MTS"); *see* ECF 33-2, Ex. 1, at 4-5.  Defendants moved to strike the RFAs as untimely on March 3, 2025.  *See* MTS.  They contend that Wang lacks legitimate justification for her one-day delay in serving the RFAs.  *Id.*, at 1.  Plaintiff opposes this motion.  ECF 43.

On March 17, 2025, Defendants moved for summary judgment on the grounds that Wang lacks evidence of damages and, as a result, there is no genuine dispute of material fact permitting this case to reach trial.  Defendants' Motion for Summary Judgment, ECF 37, ("MSJ").  The motion is unopposed.  On March 20, 2025, approximately two and a half months after the deadline for amendment of pleadings, Wang filed a Motion for Leave to File Amended Complaint, ECF 44 ("Pl.'s Motion for Leave"), which Defendants oppose, ECF 45 (Defs.' Opp'n).

3

## III.    DISCUSSION

Before the Court are a contested Motion to Strike Untimely Discovery, a contested Motion for Leave to File Amended Complaint, and an unopposed Motion for Summary Judgment.   Because the Court has "wide discretion to prioritize matters among its docket[,]" the Court first addresses the Motion for Leave to Amend, followed by the unopposed Motion for Summary Judgment and Motion to Strike.  *District of Colombia v. Trump*, 959 F.3d 126, 132 (4th Cir. 2020); *see also U.S. v. Janati*, 374 F.3d 263, 273-74 (4th Cir. 2004) (collecting cases).

### A.  The Court denies the Motion for Leave to Amend.

Plaintiff's Motion proposes several changes to the initial complaint well after the deadline for amendment.  *See* Pl.'s Motion for Leave; Scheduling Order, at 2.  First, Wang adds more facts supporting her original claims.  Proposed Amended Complaint, ECF 44-2, at ¶¶ 1, 16.   Second, Wang adds four more claims—breach of contract, unjust enrichment, assault, and battery—and facts related to those claims.  *Id.* at ¶¶ 5-10, 53-67. These additional claims relate not to the alleged real estate and residential agreement but, instead, to Wang's time working for Defendants.  Third, Wang seeks additional damages. *Id.* at 10.

#### i.  Legal Standard

A motion for leave to amend a complaint filed after the relevant scheduling deadline "triggers" Federal Rule of Civil Procedure 16(b), which governs scheduling orders, in additional to Rule 15(a), which governs pleading amendments.  *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003).  As a result, "a moving party first must satisfy the good cause standard of Rule 16(b) . . . then [] pass the tests for amendment under [Rule] 15(a)."  *Odyssey*, 262 F. Supp. 2d at 631; *see also*

*Allegis Grp., Inc. v. Bero*, 689 F. Supp. 3d 81, 105 (D. Md. 2023) ("The Court need not address Rule 15 unless Rule 16 is satisfied.").

Good cause exists when a movant "has diligently made efforts to meet court imposed deadlines," *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768 (D. Md. 2010), and the "deadlines cannot be met despite a party's diligent efforts," *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) (citation omitted). "The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002); *see also Faulconer v. Centra Health, Inc.*, 808 Fed. App'x 148, 152 (4th Cir. 2020) ("[O]nly diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard."). Courts also consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014) (citation omitted). "The burden for demonstrating good cause rests on the moving party." *United States v. Hartford Accident & Indem. Co.*, No. JKB-14-2148, 2016 WL 386218, at *5 (D. Md. Feb. 2, 2016).

Where a motion to amend arrives after the deadline set by a scheduling order, "the Rule 16(b) analysis . . . focuses on the timeliness of the amendment and the reasons for its tardy submission" more than on "the substance of the proposed amendment." *Rassoull*, 209 F.R.D. at 374. "'[A] motion to amend should be made as soon as the necessity for altering the pleading becomes apparent.'" *Allegis Grp.*, 689 F. Supp. 3d at 105 (quoting *Howard v. Inova Health Care Servs.*, 302 Fed. App'x 166, 181 (4th Cir. 2008)). The necessity for altering a pleading becomes apparent when, among other things, "the moving party knew of the underlying conduct giving rise to a claim but simply

failed to raise it in an initial complaint," *Faulconer*, 808 Fed. App'x at 152, or the moving party "was aware of the basic facts relevant to [a new] claim before the scheduling order deadline," *Airfacts, Inc. v. Amezaga*, No. DKC-15-1489, 2016 WL 4089568, at *4 (D. Md. Aug. 2, 2016). Good cause does not exist where the moving party "had *enough* evidence to make out [the] claim before the amendment deadline expired." *G.W. Aru, LLC v. W. R. Grace & Co.-Conn.*, 344 F.R.D. 446, 451 (D. Md. 2023) (italics in original); *accord Crouch v. City of Hyattsville, Md.*, No. DKC-09-2544, 2012 WL 718849, at *4 n.7 (D. Md. Mar. 5, 2012) (observing that, "to amend his complaint, Plaintiff need not have waited until he had all the evidence he needed to *prove* his claims") (italics in original). Moreover, "[c]ourts in the Fourth Circuit deny leave to amend a complaint past the deadline established by a scheduling order where the moving party has been careless in developing [their] claims or where [they] failed to satisfactorily account for [their] failure to do so." *Tawwaab*, 729 F. Supp. 2d at 769.

### ii. Analysis

Because she filed this Motion approximately two and a half months after the deadline for amendment of pleadings, Wang must first satisfy Rule 16(b)'s "good cause" standard. Yet, Wang does not address Rule 16(b) at all. This "demonstrate[s] a general lack of diligence or, at the very least, carelessness" on her part. *Rassoull*, 209 F.R.D. at 374. Like in *Rassoull*, "it would behoove Plaintiff to provide the Court with *some* basis on which to judge good cause." *Id.* That aside, Defendants insist that she cannot demonstrate good cause because Wang knew or had access to facts—before the amendment deadline—making apparent the basis for the additional contract and tort claims. Defs.' Opp'n, at 5-6; *see also* Amend. Compl., at ¶ 53-67. The Court agrees that Wang cannot meet the Rule 16(b) "good cause" standard.

As far back as September 2024, Wang knew of facts providing ample notice of a basis to amend her complaint with breach of contract, unjust enrichment, assault, and battery claims. That month, in response to Defendants' interrogatories, Wang identified two potential witnesses as persons who knew of Defendant Zheng's alleged assault and battery and were aware that Wang allegedly was not paid minimum wage by Defendants. ECF 45-3, at 3-4. Also, Plaintiff's counsel acknowledged, repeatedly, the potential for amendment, including several occasions where counsel declared an intent to file a motion. Counsel's first assurance of the forthcoming amendment occurred on September 26, 2024 in a status report. *See* ECF 20, at ¶ b. Counsel reiterated his intent by e-mail on October 9, 2024 and November 13, 2024. *See* ECFs 45-5, 45-6. Counsel's fourth notice occurred on March 7, 2025 in yet another status report filed approximately two months after the amendment deadline. *See* ECF 36, at ¶ b. Even setting these predictions aside, Wang experienced these events personally and directly before filing the original complaint, demonstrating her likely knowledge of the basis for such claims. *See Sanders v. Waffle House, Inc.*, No. 21-485-FL, 2023 WL 2587479, at *3 (E.D.N.C. Mar. 21, 2023) (finding a plaintiff to have knowledge of the facts of a claim where the claim is based "upon actions by [the] defendant [that the] plaintiff personally experienced").

Despite this knowledge, Wang missed the amendment deadline by more than two months. Further—and critical due to her direct experience of the alleged acts— Wang fails to argue she (i) discovered new evidence after the amendment deadline, (ii) lacked such evidence prior to the deadline, or (iii) otherwise lacked a reasonable or good-faith basis to plead the claims before the amendment deadline. *See Nerenhausen v. Washco Mgmt. Corp.*, No. JKB-15-1313, 2017 WL 1398267, at *2 (D. Md. Apr. 18, 2017) (declining to find good cause where a party failed to "specify what evidence they acquired" prompting

amendment); *Downing v. Balt. City Bd. of Sch. Comm'rs*, No. RDB-12-1047, 2014 WL 12781222, at *1 (D. Md. June 4, 2014) (declining to find good cause where a party failed to identify evidence "that was unavailable to her before the amendment deadline"); *Hartford*, 2016 WL 386218, at *6 ("[A] party need not wait on evidentiary 'confirmation' before pleading a claim for which it has a reasonable, good-faith basis."). Moreover, a six-month gap between the Motion and counsel declaring his intent to seek amendment is irreconcilable with the diligence required by Rule 16. *See Macsherry v. Sparrows Point, LLC*, No. ELH-15-22, 2016 WL 8669914, at *8 (D. Md. Oct. 28, 2016) (declining to find good cause where a plaintiff waited two months after declaring his intent to seek amendment to file a motion); *Mackie v. Jewish Found. for Grp. Homes*, No. DKC-10-0952, 2011 WL 1770043, at *10 (D. Md. May 9, 2011) (declining to find good cause where a plaintiff waited a month and a half after declaring his intent to seek amendment to file a motion).

Other considerations also support a finding that Wang lacks good cause for amendment. First, despite the repeated and lengthy predictions of an amendment, Wang failed to request an extension of the amendment deadline. *See U.S. v. Blair Pharmacy*, No. ELH-17-2335, 2024 WL 2863605, at *3, *9 (D. Md. June 6, 2024) (in denying amendment, finding it "[c]ritical[]" that the movant never sought an extension of the amendment deadline, which passed five months before the motion to amend); *Beaudoin v. Accelerated Logistics, LLC*, No. CCB-17-2569, 2018 WL 6273666, at *3 (D. Md. Nov. 30, 2018) (noting the absence of a motion to amend the scheduling order despite plaintiff receiving information supporting claim before the amendment deadline); *accord Anderson v. U.S.*, No. 12-3203-TMC, 2016 WL 320076, at *5 (D.S.C. Jan. 27, 2016). Second, permitting the additional claims would represent "a significant change in the

8

scope of the litigation." *Wormuth v. Bank of America, NA*, No. ELH-14-3709, 2015 WL 5521778, at \*6 (D. Md. Sept. 16, 2015); *see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 940 (4th Cir. 1995) (affirming denial of amendment that, by inserting a new defense not previously explored, "would have significantly changed the nature of the litigation"); *Koelker v. Mayor & City Council of Cumberland (Md.)*, 599 F. Supp. 2d 624, 629 (D. Md. 2009) (declining to find good cause where a plaintiff sought to add new claims that were "factually distinct" from the claims in their initial complaint and "well after" the amendment deadline); *Robertson v. Iuliano*, No. RDB-10-1319, 2013 WL 169266, at \*2 (D. Md. Jan. 14, 2013) (good cause lacking because "the request for amendment is nothing more than an effort to expand the claim . . . on facts well-known to the Plaintiff's counsel since the filing of this action"). Third, the addition of the proposed claims "would have raised new issues, which were not involved in the case during discovery and were not the subject of [the non-moving party]'s discovery and trial preparation." *Lone Star Steakhouse*, 43 F.3d at 940; *see also Johnson v. United Parcel Serv., Inc.*, No. SAG-17-1771, 2019 WL 4860961, at \*3 (D. Md. Oct. 2, 2019) (declining to find good cause where the addition of a plaintiff's new claims would "require additional discovery" and "greatly expand the scope" of the existing claims); *Forstmann v. Culp*, 114 F.R.D. 83, 88 (M.D.N.C. 1987) (denying post-summary judgment amendment that "would require the reopening of discovery with respect to the additional claims"); *cf. Herrera v. Sherrill, Inc.*, No. PWG-16-1763, 2021 WL 5998529, at \*2 (D. Md. Jan. 28, 2021) (good cause demonstrated where, *inter alia*, "this is not a case where the proposed amendment seeks to add new claims or parties that would trigger case management concerns such as a need for further discovery").

Under these circumstances, the Court does not find good cause to allow the amendment. Like in *Koelker*, the additional claims here are factually distinct from the claims in the initial complaint. The allegations of a physical assault are unrelated to the real estate transaction and appear to introduce claims and defenses beyond the realm of a real estate deal gone south. Like in *Robertson*, the facts related to the new claims were well-known to Plaintiff's counsel since at least September 2024. Additionally, the proposed amendment would require additional discovery, triggering avoidable case management concerns. Because Wang fails to establish good cause to amend the complaint under Rule 16(b), the Court need not consider whether she satisfies Rule 15(a)'s standard for granting leave to amend. *See G.W. Aru*, 344 F.R.D. at 451 (citing *Kantsevoy v. LumenR LLC*, 301 F. Supp. 3d 577, 589 (D. Md. 2018). The Motion for Leave to Amend is denied.

## B. The Court grants the Motion for Summary Judgment.

Defendants seek summary judgment on the grounds that Wang fails to present documents supporting her claim of damages. Wang did not file an opposition.

### i. *Legal Standard*

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Henry v. Purnell*, 652 F.3d 524, 548 (4th Cir. 2011)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

10

Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48 (emphasis in original).

"Once the moving party discharges its burden by showing there is an absence of evidence to support the nonmoving party's case, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial." *Stanley Martin Cos., Inc. v. Universal Forest Prods. Shoffner LLC*, 396 F. Supp. 2d 606, 614 (D. Md. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), and then citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).  In other words, the party opposing summary judgment may not rely solely on the allegations of their pleadings, "but rather must 'set forth specific facts showing there is a genuine issue for trial.'"  *Nelson v. Kpakiwa*, No. PX-24-773, 2024 WL 5186694, at *2 (D. Md. Dec. 20, 2024) (quoting *Anderson*, 477 U.S. at 247-48); *see also Catrett*, 477 U.S. at 324 ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.").

When a motion for summary judgment is unopposed, "the failure of a party to respond . . . may leave uncontroverted those facts established by the motion[.]"  *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).  But the Court must still analyze the motion and determine whether "the uncontroverted facts entitle the [moving] party to a 'judgment as a matter of law.'" *Id.*

### ii.  Analysis

Defendants maintain that, absent documentation of Wang's alleged damages, there is no genuine dispute of material facts for a jury to consider and they are entitled

to judgment as a matter of law.  For the reasons that follow, the Court grants the Motion and finds judgment in Defendants' favor appropriate on all counts.

Wang brings four counts against defendants: (1) fraudulent misrepresentation; (2) unjust enrichment; (3) promissory estoppel; and (4) wrongful eviction.  Compl., at ¶¶ 17-46.  The Court first considers the elements of each claim, each of which requires evidentiary support to survive summary judgment.

Under Maryland law, fraudulent misrepresentation requires that a plaintiff present clear and convincing evidence that "(1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation."  *Dynacorp Ltd. v. Aramtel Ltd.*, 208 Md. App. 403, 491 (Md. Ct. Spec. App. 2012) (citing *Rozen v. Greenberg*, 165 Md. App. 665, 674-75 (Md. Ct. Spec. App. 2005)).  "[T]he fifth element requires that the plaintiff have 'actually suffered damage directly resulting from such fraudulent misrepresentation.'"  *Id.* (quoting *First Union Nat'l Bank v. Steele Software Sys. Corp.*, 154 Md. App. 97, 134 (Md. Ct. Spec. App. 2003).  Without a showing of actual damages, a fraudulent misrepresentation claim fails.  *Henderson v. Claire's Stores, Inc.*, 607 F. Supp. 2d 725, 734 (D. Md. 2009) (granting summary judgment on fraudulent misrepresentation claim where Plaintiff "failed to produce evidence to support the existence of a genuine dispute of material fact regarding the element of damages.").  Having no evidence from Wang, the Court cannot find evidence that she suffered damages from the alleged fraud.

12

To establish unjust enrichment, there must be (1) "[a] benefit conferred upon the defendant by the plaintiff;" (2) " [a]n appreciation or knowledge by the defendant of the benefit;" and (3) "acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *County Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 95 n. 7 (Md. 2000). If a plaintiff lacks evidence of the value of the benefit conferred on defendant, then their unjust enrichment claim fails as a matter of law. *See Al-Sabah v. Agbodjogbe*, No. SAG-17-730, 2020 WL 354761, at *3 (D. Md. Jan. 19, 2020) ("In Maryland, the plaintiff [] bears the burden to establish all three elements of his unjust enrichment claim, which includes proving the value of the benefit conferred upon the [defendant]."). Because Wang does not provide evidence of the value of benefit she allegedly conferred upon Defendants, her claim fails. *See id*.

Promissory estoppel, or detrimental reliance, requires that a plaintiff show "[1] a clear and definite promise; [2] where the promisor has a reasonable expectation that the offer will induce action or forbearance on the part of the promisee; [3] which does induce actual and reasonable action or forbearance by the promisee; and [4] causes a detriment which can only be avoided by the enforcement of the promise." *Pavel Enterprises, Inc. v. A.S. Johnson Co.*, 342 Md. 143, 166 (Md. 1996); *see also Orteck Int'l Inc. v. Transpacific Tire Wheel, Inc.*, 704 F. Supp. 2d 499, 519 (D. Md. 2010). A plaintiff must show, among other things, "how any damages they claim specifically relate" to the defendant's actions or statements. *Orteck*, 704 F. Supp. 2d at 520. Again, Wang's failure to oppose leaves the record with no evidence creating a genuine dispute of material fact on regarding damages.

Maryland Real Property Code § 7-113 creates a cause of action for wrongful

13

eviction.  The statute provides that, subject to a statutory exception inapplicable here, "a party claiming the right to possession may not take possession or threaten to take possession of residential property from a protected resident by: (i) locking the resident out of the residential property; (ii) engaging in willful diminution of services to the protected resident; or (iii) taking any other action that deprives the protected resident of actual possession."  Md. Code, Real Property Art. § 7-113(b)(1).  If a court finds that a party was wrongfully evicted, "the protected resident may recover: (i) possession of the property, if no other person then resides in the property; (ii) actual damages; and (iii) reasonable attorney's fees and costs."  Md. Code, Real Property Art. § 7-113(d)(1). Because "the claimed damages 'must be reasonably certain, and not based on speculative, remote, or uncertain figures," failure to provide a non-speculatory basis for damages dooms a wrongful eviction claim at the summary judgment stage.  *Zos v. Nat'l Ass'n of Power Engineers Educ. Foundation, Inc.*, No. PX-23-00025, 2025 WL 814522, at *7 (D. Md. March 13, 2025) (quoting *Dierker v. Eagle Nat'l Bank*, 888 F. Supp. 2d 645, 658 (D. Md. 2012).  A plaintiff's "say-so is not enough." *Id.*

Defendants' Motion for Summary Judgment establishes the following:  (1) discovery closed on February 18, 2024; (2) in response to discovery requests, Plaintiff produced six audio/video files with unidentified speakers, subjects, and locations of the recordings; and (3) Plaintiff did not produce documentation to support her claim for damages or wrongful eviction despite being served request for the production of such documents.  *See* Scheduling Order; MSJ, at 3; ECF 37-4, Ex. 3 Requests No. 8, 21, 22, 23, 24, 39, 40, 41 (Defendants' request for production of documents and Plaintiff's responses).  Defendants having shown as much, Wang must produce evidence demonstrating triable issues of fact.  *Stanley Martin*, 396 F. Supp. 2d at 614; *Nelson*,

2024 WL 5186694, at *2.  Her failure to oppose leaves the Court without any evidence to support the damages elements for fraudulent misrepresentation, unjust enrichment, promissory estoppel, and wrongful eviction.  Thus, Defendants are entitled to summary judgment as a matter of law on all four counts.

Because the Court grants summary judgment, there is no need to address the Motion to Strike.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Amended Complaint is hereby **DENIED**, Defendant's Motion for Summary Judgment is hereby **GRANTED**, and Defendant's Motion to Strike is hereby **DENIED** as moot.  A separate order consistent with opinion will issue.

Date: March 31, 2026

                                        /s/
                                 Charles D. Austin
                                 United States Magistrate Judge